IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICIO FUENTES BALDERAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1693 |
| | § | |
| CHARLES D. SAXON, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OF DISMISSAL**

Plaintiff Mauricio Fuentes Balderas, a/k/a Maurice F. Balderas, proceeding *pro se* and requesting leave to proceed *in forma pauperis*, files this section 1983 lawsuit complaining that two prison officers threatened to cancel his scheduled dialysis session when he refused to follow one of the officer's orders to pick up an inmate ID card. Plaintiff admits that the scheduled dialysis session was not actually cancelled. Plaintiff seeks monetary compensation for mental anguish for the *potential* cancellation of his dialysis session "and the possibility of what could've happened." (Docket Entry No. 1, p. 4.)

After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this lawsuit fails to state a claim and should be dismissed for the reasons that follow.

*Analysis*

When a party proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's claims are frivolous as they lack any basis in law, and fail to state a claim. Verbal threats, harassment, or abusive language do not give rise to Eighth Amendment claims. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Further, because he received the scheduled dialysis session, plaintiff fails to show any physical injury, as required by 42 U.S.C. § 1997e(e). *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

Accordingly, plaintiff's claims are DISMISSED as frivolous and for failure to state a claim.

*Leave to Proceed In Forma Pauperis*

Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is GRANTED. The entity having custody of plaintiff and his inmate funds shall deduct

$350.00 in periodic installments as required by 28 U.S.C. § 1915(b), and forward them to the Clerk of Court as available.

*Conclusion*

Plaintiff's claims are DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim under sections 1915A and 1915(e)(2). Any and all pending motions are DENIED AS MOOT. This dismissal counts as a "strike" for purposes of section 1915(g).

The Clerk will provide a copy of this order by regular mail to the parties, to TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, to the Inmate Trust Fund, P.O. Box 629 Huntsville, Texas 77342-0629, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.

Signed at Houston, Texas, on June 10, 2009.

Gray H. Miller
United States District Judge